UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Edmond Simmons,

        Plaintiff,

vs.                      REPORT AND RECOMMENDATION

R. Rios, Jim Dey M.D.,
Joyce Anderson, Case Mgr.
Thomas, Unit Mgr. Fields,
and Counselor Sanders,

        Defendants.        Civ. No. 08-791 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendant.

The Plaintiff, who is an inmate at the Federal Correctional Institution, in Waseca, Minnesota, commenced this action by filing a pleading entitled "Civil Rights Complaint Pursuant to Title 28, U.S.C., Section 1331 (A Bivens type action)." See,

Docket No. 1. The Plaintiff did not pay any filing fee for this action but, instead, filed an Application seeking leave to proceed IFP. See, Docket No. 2. We previously reviewed the Plaintiff's IFP Application, and we reviewed his certified trust account information, as is required by Title 28 U.S.C. §1915(a)(2). We further observed that the Plaintiff had failed to provide completed United States Marshal service forms for the named Defendants. Accordingly, by Order dated March 26, 2008, we directed the Plaintiff to pay an initial partial filing fee of $5.02, as is required by Title 28 U.S.C. §1915(b)(1), and to submit a completed Marshal Service form for each Defendant. See, Docket No. 3. The Plaintiff was further admonished that his failure to comply with these directives, within 45 days of the date of the Order -- that is, by May 10, 2008 -- could result in his case being dismissed for lack of prosecution.

The deadline for satisfying the requirement of this Court's prior Order expired over two (2) weeks ago, and the Plaintiff has failed to comply. Therefore, based on the Plaintiff's failure to comply with our Order dated March 26, 2008, and his failure to prosecute this action, we recommend that his Complaint be summarily dismissed, without prejudice, see Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has

the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"), and that the Plaintiff's Application to proceed IFP be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated March 26, 2008, and for failure to prosecute.

2. That the Plaintiff's Application to proceed <u>in forma pauperis</u> [Docket No. 2] be denied, as moot.

Dated: May 27, 2008          *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June**

**13, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 13, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.